### No. 840.

#### JOHN I. ADAMS & CO. *v.* SAMUEL WAKEFIELD, Tax Collector.

While the property seized for taxes, and the sale of which is injoined, belonged to the former proprietor, W. J. Darden, no registry was necessary to preserve the privilege of the State for taxes due by him. But when the plaintiffs bought the property in 1872, it passed to them free of the privilege for taxes for the preceding years, because there was no registry of those tax claims. The subsequent registry could not fix on the purchasers an incumbrance which did not exist as to third persons, when the plaintiffs acquired the property.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train*, J. *Fred. Gates*, for plaintiffs and appellants. *R. L. Belden*, District Attorney, for defendant and appellee.

WYLY, J. John I. Adams & Co., mortgage creditors of William J. Darden, foreclosed their mortgage, and on sixth April, 1873, purchased the land described in the petition, there being only $71 50 recorded as a privilege for taxes, which they paid. Subsequently the taxes of Darden for the years 1868, 1869, 1870 and 1871, amounting in the aggregate to $795 50, were recorded, and the tax collector seized the land purchased by John I. Adams & Co. The plaintiffs then sued out an in-

junction to restrain the sale. The court dissolved the injunction with one hundred per cent. damages and costs. The plaintiffs appeal.

While the property belonged to Darden, no registry was necessary to preserve the privilege of the State for taxes. But when the plaintiffs bought it, the property passed to them free of the privilege for taxes for the years 1868, 1869, 1870 and 1871, because there was no registry of the tax claims. The subsequent registry could not fix an incumbrance which did not exist as to third persons when plaintiffs acquired the property.

It is therefore ordered that the judgment herein be annulled, and it is now ordered that there be judgment for the plaintiffs perpetuating the injunction with costs.